UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAXUM ENTERPRISES, LLC, d/b/a PILOT THOMAS LOGISTICS, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:18-CV-0687-B |
| AUTOMOTIVE FLEET ENTERPRISES, INC. and LOUIS W. SPIRO, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Louis W. Spiro's Motion to Dismiss for Lack of Personal Jurisdiction. Doc. 12. For the following reasons, the Court **DENIES** Spiro's motion.

## I.

## BACKGROUND[1]

This case arises from Plaintiff Maxum Enterprises, LLC's (doing business as Pilot Thomas Logistics (PTL)) claim that Defendants took possession of PTL's trucks without paying for them. *See* Doc. 1., Compl. On July 26, 2016, PTL and Defendant Automotive Fleet Enterprises (AFE) entered into an asset-purchase agreement (First Agreement) for some of PTL's trucks. Doc. 21, Resp., 2. Spiro, AFE's president and a Florida resident, signed the First Agreement on AFE's behalf. *Id*; Doc.

---

[1]The Court draws its factual history from the parties' pleadings. Any contested fact is identified as the contention of a particular party.

- 1 -

12, Mot. to Dismiss, 1. Spiro then sent Joseph Wihbey, an AFE representative, to Texas to collect the trucks. *Id.* But allegeldy, Wihbey took possession of more trucks than those listed in the First Agreement. *Id.* at 3. After PTL discovered that AFE had possession of trucks it had not paid for, PTL and Spiro agreed to enter into a second asset-purchase agreement (Second Agreement) for the additional trucks AFE took. *Id.* at 4–5. In the Second Agreement, Spiro agreed to pay $2,038,800 as soon as PTL delivered title to the trucks. *Id.* at 6. PTL delivered title, but AFE never paid. *Id.*

So on March 21, 2018, PTL filed suit, claiming that AFE breached the Second Agreement and that AFE and Sprio violated the Texas Theft Liability Act (TTLA) by unlawfully appropriating PTL's property. *See* Doc. 1, Compl. On April 16, Spiro filed a motion to dismiss for lack of personal jurisdiction. Doc. 12, Mot. to Dismiss. PTL responded to the motion, Doc. 21, Resp., but Spiro did not reply. Because the time has passed for Sprio to reply, his motion is ripe for consideration.

## II.

## LEGAL STANDARDS

A plaintiff bears the burden of establishing a trial court's personal jurisdiction over each defendant. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). A plaintiff need only establish a prima facie case of jurisdiction; proof by a preponderance of the evidence is not required. *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 211 (5th Cir. 1999); *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). In deciding whether the plaintiff has made a prima facie case, non-conclusory factual allegations in the Complaint must be taken as true. *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 592 (5th Cir. 1999). The Court may also consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of

discovery." *Spademan*, 772 F.2d at 1192. All conflicts between the facts contained in the parties' affidavits and other documentation must be resolved in the plaintiff's favor. *Cent. Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir. 2003).

A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant to the same extent as a forum-state court. *Wilson v. Belin*, 20 F.3d 644, 646 (5th Cir. 1994). A Texas state court can exercise jurisdiction over a non-resident if two preconditions are met: (1) the nonresident must be amenable to service of process under Texas's long-arm statute; and (2) the assertion of jurisdiction over the nonresident must comport with the Due Process Clause of the Constitution. *Jones*, 954 F.2d at 1067. Because Texas's long-arm statute has been held to extend to the limits of due process, the Court need only determine whether jurisdiction over the defendant is constitutionally permissible. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990).

To meet the federal constitutional test of due process, two elements must be satisfied: (1) the defendant must have purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state such that it should reasonably anticipate being haled into court there; and (2) the exercise of jurisdiction over the defendant must not offend traditional notions of fair play and substantial justice. *Jones*, 954 F.2d at 1068.

The "minimum contacts" prong of the due-process analysis can be met through contacts giving rise to either specific or general jurisdiction. *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996). "General personal jurisdiction is found when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial." *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th

Cir. 1999). In contrast, specific personal jurisdiction is established through the defendant's contacts with the forum state arising from, or related to, the cause of action. *Gundle*, 85 F.3d at 205.

## III.

## ANALYSIS

PTL concedes that the Court lacks general jurisdiction over Spiro. Doc. 21, Resp., 1. Therefore, the Court addresses only whether it has specific jurisdiction.

A.  *Fiduciary-Shield Doctrine*[2]

Spiro claims the fiduciary-shield doctrine bars the Court's exercise of personal jurisdiction because he never used AFE for personal gain. Doc. 12, Mot. to Dismiss, 8. PTL argues that the tort exception to the doctrine applies. Doc. 21, Resp., 8.

The fiduciary-shield doctrine precludes personal jurisdiction over corporate officers when an officer's only contacts with the forum state are in a corporate capacity. *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise*, LLC, 225 F. App'x. 775, 794 (5th Cir. 2007). So allegations of derivative liability do not confer personal jurisdiction over the corporate officer. *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 973 (5th Cir. 1984). But the doctrine does not apply when the officer is sued in his personal capacity. *Gen Retail Servs.*, 225 F. App'x. at 794. Thus, courts recognize an exception to the doctrine when an officer or employee commits a tort while acting on behalf of the corporation

---

[2] The parties agree that the fiduciary-shield doctrine applies only to a court's exercise of general jurisdiction. Doc. 12, Mot. To Dismiss, 7; Doc. 21, Resp., 7. But the parties are incorrect. *See Organic Metals v. Aquasium Techs., Ltd.*, No. Civ.3:03–CV–3062–H, 2004 WL 718960, at *4 (N.D. Tex. Apr. 2, 2004) ("The fiduciary shield doctrine often applies in cases where specific jurisdiction would be the only basis for exercising personal jurisdiction."). Thus, because the doctrine applies to the exercise of specific jurisdiction, the Court must address the parties' fiduciary-shield-doctrine arguments.

because "'individuals are liable for the torts they commit.'" *Harris v. Stark*, No. 3:14-cv-2684-L, 2015 WL 4545071, at *4 (N.D. Tex. July 28, 2015) (quoting *Stull v. LaPlant*, 411 S.W.3d 129, 135 (Tex. App.—Dallas 2013, no pet.)).

Some courts have characterized this exception to the doctrine as the "intentional tort" exception, s*ee, e.g., Poco Graphite, Inc. v. Electrodes, Inc.*, No. 4:03-CV-631-A, 2004 WL 583307, at *1 (N.D. Tex. Mar. 10, 2004), and Spiro's arguments are premised on the understanding that the exception applies only to intentional torts; Spiro contends that the tort exception does not apply to his case because violations of the TTLA are not intentional torts and because PTL failed to adequately plead an intentional-tort claim. Doc. 12, Mot. to Dismiss, 9.

Spiro's arguments lack merit even if the exception applied only to intentional torts. First, courts in the Fifth Circuit have previously held that a violation of the TTLA is an intentional tort. *See Reyes v. City of Austin*, No. 1:15–CV–327–RP, 2017 WL 3470942, at *12–13 (W.D. Tex. Aug. 11, 2017) (finding a TTLA claim sounds in tort); *Breckenridge Enters., Inc. v. Avio Alts., LLC*, No. 3:08–CV–1782–M, 2009 WL 1469808, at *9 (N.D. Tex. May 27, 2009) (describing a violation of the TTLA as a "tort" and analyzing whether the Court had personal jurisdiction with respect to the TTLA claim under the standard used for "intentional tort claim[s]"). Second, PTL adequately alleges that Spiro violated the TTLA. The TTLA provides for civil suits against those who commit theft, as defined by the Texas Penal Code. Tex. Civ. Prac. & Rem. Code §§ 134.002(2), 134.004. The Texas Penal Code defines theft as "unlawfully appropriat[ing] property with intent to deprive the owner of the property." Tex. Penal Code § 31.03(a). PTL alleges that Sprio took possession of numerous PTL trucks without paying for them including a "2007 Stakebed freightliner M2106

truck." *See* Doc. 1, Compl. ¶ 16. Therefore, the Court finds that the tort exception applies and the fiduciary-shield doctrine does not bar the Court from exercising personal jurisdiction over Spiro.

B.  *Whether Spiro's Contacts With Texas Establish Specific Jurisdiction*

Spiro argues that the Court lacks specific jurisdiction because PTL failed to identify any conduct Spiro directed toward Texas and because there is no nexus between PTL's claim against Spiro and Texas. Doc. 12, Mot. to Dismiss, 9. Spiro claims he has never personally done business in Texas, owned property in Texas, or traveled to Texas other than appearing at an auction in Odessa as president as AFE. Doc. 12, Mot. to Dismiss, 1. In response, PTL identifies numerous instances in which it claims Spiro "engaged in tortious conduct directed toward Texas." Doc. 21, Resp., 11–12. PTL also argues that in intentional tort cases, the actions of the nonresident's agent satisfy the minimum contact requirement when "the foreseeable effects of a defendant's tortious conduct will be felt in the forum state." *Id.* at 9.

The Fifth Circuit applies a three-step analysis to determine whether specific personal jurisdiction over a defendant exists:

> (1) whether the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Luv n' care v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (quoting *Nuovo Pignone v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002)). Plaintiffs bear the burden of making a prima facie case with respect to the first two prongs. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014). A plaintiff can meet this burden by showing the tortfeasor committed a single

act, "if the claim arises from that act."*Admiral Ins. Co. v. Briggs*, No. CIV. A. 302CV0310P, 2002 WL 1461911, at *6 (N.D. Tex. Jul 2, 2002). But that act must occur in or be directed toward the forum state; it is insufficient to show only that the effects of the tort were felt in the forum state. *Brekenridge Enters.*, 2009 WL 1469808, at *9. When the act occurs in or is directed toward the forum state, the tortfeasor's intentional conduct "constitutes purposeful availment of the benefit and protections of [the forum state]," *Admiral Ins. Co.*, 2002 WL 1461911, at *6, and shows he "reasonably anticipat[ed] being haled into court" in the forum state. *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 491 (5th Cir. 2018); *McFadin v. Gruber*, 587 F.3d 753, 759 (5th Cir. 2099).

The Court finds that PTL satisfied its burden regarding the first two prongs of the specific jurisdiction analysis. The Northern District has previously found a nonresident defendant's alleged direction to remove property in Texas sufficient to confer specific jurisdiction in an intentional-tort case. *Admiral Ins. Co., Inc*, 2002 WL 1461911, at *6. Here, PTL claims that Jason Wihbey removed PTL trucks that were not covered under the First Agreement from PTL's lots in Texas. Doc. 21, Resp., 2, 11. And PTL claims that Spiro directed Wihbey to remove the unpaid-for trucks. *Id.* at 11. And to the extent the *Admiral Insurance* court found specific jurisdiction lay not because of the defendant's actions but because of the activities of its agent within the forum state," *See Trois*, 882 F.3d at 490, the Court finds the same here. In Texas, an agency relationship exists when the "principal has both the right : (1) to assign the agent's task; and (2) to control the means and details of the process by which the agent will accomplish that task." *Id*. PTL alleges that Sprio "sent Wihbey to act as his agent in Texas, and Wihbey picked up trucks from Texas for Spiro that Spiro never paid for." Doc. 21, Resp., 11. PTL also alleges that "Wihbey represented himself to [PTL] as someone

with the authority to act for Spiro." *Id*. at 2. Because the Court accepts all factual allegations as true, *Latshaw v. Johnston,* 167 F.3d 208, 211 (5th Cir. 1999), the Court finds that PTL has adequately established an agency relationship between Spiro and Wihbey. Thus, PTL has met its burden to prove the first two prongs of the specific-jurisdiction analysis.

When a Plaintiff satisfies its burden on the first two prongs, the burden shifts to the Defendant to show that asserting specific jurisdiction would be unfair or unreasonable. *Monkton*, 768 F.3d at 433. The factors considered under this analysis include: "'(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies.'" *McFadin*, 587 F.3d at 760 (quoting *Luv N' Care*, 438 F.3d at 473). "'[I]t is rare to say the assertion of jurisdiction is unfair after minimum contacts have been shown.'" *Id*. at 759–60 (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)) (internal alternations omitted).

Spiro argues that (1) traveling from Florida to Texas throughout the course of the litigation would impose a significant burden on his time and resources, (2) Texas has no interest in PTL's claims against him because he was not a party to the Agreements, and (3) PTL can pursue its claims against him in Florida. Doc. 12, Mot. to Dismiss., 10–11. PTL responds that (1) Spiro's proximity to an airport with nonstop flights to Dallas and the ease of modern transportation and communication alleviate the burden on Spiro, (2) Texas "has a substantial interest in redressing the injuries of its corporate citizens," (3) "forcing PTL to litigate in Florida would frustrate its ability to seek relief, and (4) the number of potential witnesses in Texas favors Texas as the more convenient

forum. Doc. 21, Resp., 13. Although Spiro claims that the shared interests of the states weighs in his favor because "there is at least one other state with a significant interest in the outcome of this litigation," Doc. 11, Mot. to Dismiss, 11, neither party explicitly addresses factors four or five.

The Court finds that Spiro failed meet his burden to show the exercise of personal jurisdiction would be unreasonable. Texas has a substantial interest in "protecting its residents' property rights and providing a convenient forum for its residents to resolve their disputes." *McFadin*, 587 F.3d at 763. Although Spiro would likely be required to travel from Florida to Texas during the litigation, "once minimum contacts are established, the interests of the forum and the plaintiff justify even large burdens on the defendant." *McFadin*, 587 F.3d at 764. As this Court has previously stated, travel to the forum state is a "general inconvenience[] common to nearly all non-residents" that "fall[s] well short of demonstrating the 'rare' circumstances necessary to satisfy the third prong of the specific jurisdiction analysis." *The Leader's Inst., LLC v. Jackson*, No. 3:14–CV–3572–B, 2015 WL 4508424, at *14 (N.D. Tex. July 24, 2015). As such, the Court finds that Spiro failed to establish that it would be unfair or unreasonable to exercise specific personal jurisdiction over him in Texas.

## IV.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's motion.

**SO ORDERED.**

SIGNED July 13, 2018

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE